## CURTIS *v.* SLOSSON.

On the petition of a defendant, alleging performance of conditions of a judgment confessed, and an issue directed, he is precluded from setting up matters of defence subsequent to the judgment. And where he has obtained a discharge in bankruptcy, subsequently to the trial of the issue, an execution may be summarily set aside as to his personal property.

IN error from the Common Pleas of Luzerne county.

*July* 17. In 1840, judgment was confessed by Slosson, on a bond conditioned to submit to reference, and give security to pay the award.

In 1840, on affidavit of compliance, with conditions, the defendant was let into a defence. The plaintiff having declared on the

bond, the defendant, in 1844, filed a plea of bankruptcy, *puis dar-rein continuance.* On the trial, in April, 1845, the plea was withdrawn, and verdict and judgment entered for plaintiffs.

Execution having issued, the defendant moved to set it aside. It was admitted, the judgment in the present case was collateral to another in Susquehanna county.

In May, 1845, the defendant had received his certificate in bankruptcy. In the proceedings in that court, which were commenced in 1843, the present plaintiffs had been returned as creditors on their judgment in Susquehanna county, and notice to them had been given.

Thereupon the court set aside the execution as to the personal property of the defendant.

*Hakes,* for plaintiff in error, cited 9 Johns. 392; 15 Johns. 152; 3 Barr, 298, 433; 2 Barr, 16.

*Butler,* contra, cited Cullen's Bankrupt Law, 105; 11 Ves. 649; Cowper, 25, 138; Eden's Bankrupt Law, 413.

*July.* 27. GIBSON, C. J.—By a practice peculiar to our courts, a judgment entered on a bond and warrant may be opened, as it is inaccurately said, to let in matters of defence which existed at the time of the rendition; never to let in matters subsequent to it. The latter are determinable in a trial on a *scire facias quare executio non,* or in a summary way, where the facts are not disputed, or the parties do not demand a trial by jury. A converse principle is, that on the trial of a *scire facias,* the defendant shall not be suffered to go behind the judgment. If these two plain and often repeated principles were kept in view, we should be spared the mortification of much confused and purblind litigation. The first of them disposes of the point under consideration. The judgment was entered in 1840, and opened in 1842, to let the defendant into proof of certain specific facts sworn to in his affidavit of defence. He filed his petition in 1843; was discharged as a bankrupt in 1844; and obtained his certificate in 1845. All these matters were posterior to the signing of the judgment, and could not be set up at the trial of the defence in 1845, not only for that reason, but because they were no part of the issues, the proceeding not being *de novo.* The judgment, nevertheless, was discharged by the defendant's bankruptcy, the effect of which was not waived by the retraction of his plea, because he was not at liberty to plead any fact that was not stated in his affidavit, and because he could

not have sustained it by proof, as his certificate would have shown it to be subsequent to the judgment. As the writ of *audita querela* is not in use with us, what could he do? Certainly, no more than wait till he should be molested by having his subsequently acquired property seized in execution. That event soon occurred; and as the conclusiveness of the certificate of bankruptcy superseded the necessity of a trial by jury, the court very properly relieved him summarily, by quashing the execution.

Order to quash affirmed.